UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| M&T Real Estate Group, II, Inc., | CASE NO. 24-57012 - PMB |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| SkyBeam Capital Partners LLC, | CONTESTED MATTER |
| Movant, | |
| v. | |
| M&T Real Estate Group, II, Inc. and S. Gregory Hays, Chapter 7 Trustee, | |
| Respondents. | |

## <u>NOTICE OF HEARING MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE THAT** that **SkyBeam Capital Partners LLC** has filed **a Motion for Relief from Automatic Stay** and related papers with the Court seeking an order **granting relief from the automatic stay.**

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the **Motion for Relief from Automatic Stay** at **10:15 a.m.** on **September 11, 2024** in **Courtroom 1401,** United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your

views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: **Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303**. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: August 26, 2024

                **LOGS LEGAL GROUP LLP**

                By: *Howell A. Hall*
                Howell A. Hall
                Georgia Bar No. 318750
                211 Perimeter Center Parkway
                Suite 130
                Atlanta, GA 30346
                Phone: (770) 452-2819
                hohall@logs.com
                Attorney for Movant

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

M&T Real Estate Group, II, Inc.,

Debtor.

CHAPTER 7

CASE NO. 24-57012 - PMB

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SkyBeam Capital Partners LLC,

Movant,

v.

M&T Real Estate Group, II, Inc. and
S. Gregory Hays, Chapter 7 Trustee,
Respondents.

CONTESTED MATTER

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW, SkyBeam Capital Partners LLC (hereinafter referred to as "Movant"), by and through its undersigned counsel, and moves for in-rem relief from the automatic stay and co-debtor stay and alleges as follows:

1.

The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362 and § 1301, FRBP 4001(a), and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2.

Debtor M&T Real Estate Group II, Inc. (hereinafter referred to as "Debtor"), filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 5, 2024 on a *pro se* basis.

3.

On or about, Debtor, pre-foreclosure owner of a commercial tract of real property located at 955 Commercial St. N.E., Conyers, Rockdale County, Georgia 30012 (hereinafter referred to as the "Subject Property"), obtained a mortgage loan in the original principal sum of $726,25000 from SkyBeam Capital REIT LLC. As evidence of the obligation to repay said loan amount, Debtor executed and delivered a Promissory Note (hereinafter referred to as the "Note") to SkyBeam Capital REIT LLC dated June 22, 2022 in the original principal sum of $726,250.00.

4.

As security for the indebtedness as evidenced by the Note, that same day Debtor executed and delivered a Security Deed to SkyBeam Capital REIT LLC to the Subject Property in the original principal sum of $726,250.00. A true and correct copy of the Security Deed is attached hereto and incorporated herein by reference as Exhibit "A."

5.

Because of default under the terms of the Note and Security Deed, a non-judicial foreclosure sale of the Subject Property was conducted by SkyBeam Capital REIT LLC on January 2, 2024. At said sale, SkyBeam Capital REIT LLC was the highest and best bidder at a sale price of $800,000.00 and as such, became the true and rightful owner of the subject property. A true and correct copy of the Deed Under Power of Sale is attached hereto and incorporated herein by reference as Exhibit "B."

8.

Immediately following the January 2, 2024 foreclosure sale, the Debtor and any other occupants or tenants at the Subject Property claiming through Debtor, became tenants at sufferance by virtue of the terms of the Security Deed and Georgia law. The Debtor has since

engaged in a range of meritless delay tactics which has allowed them to remain in possession of the Subject Property for nearly *8 months* after the foreclosure sale.

9.

On January 9, 2024, SkyBeam Capital REIT LLC conveyed the subject property to Movant Skybeam Capital Partners LLC. A true and correct copy of the Special Warranty Deed is attached hereto as Exhibit "C."

10.

Debtor previously filed a Chapter 11 bankruptcy proceeding in this Court on March 6, 2023, Case No, 23-52191.

11.

In that prior action, Movant's predecessor in interest obtained relief from the automatic stay by Order entered January 24, 2024. (Doc. 112).

12.

The prior Chapter 11 bankruptcy action was dismissed on January 24, 2024, upon Motion to Dismiss filed by the United States Trustee (Doc. 112).

13.

On or around February 26, 2024 Movant filed a dispossessory proceeding against Debtor to gain possession of the Subject Property in the Magistrate Court of Rockdale County, which case was styled Skybeam Capital Partners LLC v. M&T Real Estate Group II, Inc. or Occupant Case No. 2024-MAG-1454. On or about June 27, 2024, the Debtor filed an answer to the dispossessory action.

14.

A dispossessory trial was set for July 9, 2024 in the Magistrate Court of Rockdale County. The hearing was cancelled when the Debtor filed this bankruptcy proceeding on July 5,

2024.

15.

The market value of the Subject Property is approximately $517,500.00 per the attached

2024 statement of the Rockdale County Tax Assessor attached hereto as Exhibit "D".

16.

Debtor filed the instant Chapter 13 bankruptcy with the intent of delaying the eviction.

The automatic stay provided by Section 362(a) and 1301 of the Bankruptcy Code prevents

Movant from conducting continuing the dispossessory proceeding to gain possession of the

premises.

17.

Section 362(d) of the Bankruptcy Code requires a court to grant relief from the automatic

stay by terminating, modifying or annulling the stay, for cause, including the lack of adequate

protection of Movant's ownership of the Subject Property.

18.

Movant does not have adequate protection of its ownership interest in the Subject

Property because the Debtor maintains possession of the Subject Property as a tenant at

sufferance. Consequently, cause exists to grant relief from the automatic stay so that   may

exercise its rights to dispossess the Debtor, and anyone claiming through them, from the Subject

Property and any other rights it may have under state law to protect its ownership interest.

19.

The automatic stay provided by Section 362(a) and 1301 of the Bankruptcy Code

prevents  Movant from enforcing its ownership rights against the Subject Property.

20.

If Movant is not permitted to exercise its legal rights against the Subject Property pursuant to its Deed Under Power and ownership rights, will suffer irreparable injury, loss, and damage.

21.

In the event that a hearing cannot be held within thirty (30) days from the date of the filing of this Motion, Movant through its counsel, hereby waives the requirements of 11 U.S.C. § 362(e).

WHEREFORE, respectfully prays to the Court as follows:

1. That the automatic stay provided by Sections 362(a) and 1301 of the Bankruptcy Code be modified and lifted to permit to continue with its dispossessory action pursuant to applicable state law;

2. That pursuant to 11 U.S.C. § 362(d)(4), should the Court enter an Order granting in rem relief that the relief be binding in any other case under this title purporting to affect the Subject Property for a period of two years from entry of such order;

3. That the Rule 4001 (a)(c) stay is waived so that the Order is effective immediately upon entry; and

4. That Movant be granted such other and further relief as this Court deems necessary and proper.

Dated: August 26, 2024

LOGS LEGAL GROUP LLP

By: *Howell A. Hall*
Howell A. Hall
Georgia Bar No. 318750
211 Perimeter Center Parkway
Suite 130

Atlanta, GA 30346
Phone: (770) 452-2819
Email: hohall@logs.com
Attorney for Movant

## CERTIFICATE OF SERVICE

I, Howell A. Hall, certify that I am over the age of 18 and that on August 26, 2024, I served a copy of the foregoing NOTICE OF HEARING AND MOTION FOR RELIEF FROM AUTOMATIC STAY by electronic mail or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Kenneth Mitchell
Suite 555
3951 Snapfinger Parkway
Decatur, GA 30035

M&T Real Estate Group, II, Inc. c/o
Adrian Tisdale
955 Commercial Street
Conyers, GA 30012

S. Gregory Hays
Chapter 13 Trustee
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive S.W.
Atlanta, GA 30303

Date: August 26, 2024

LOGS LEGAL GROUP LLP

By: _Howell A. Hall_
Howell A. Hall
Georgia Bar No. 318750
Attorney for Movant
211 Perimeter Center Parkway .
Suite 130
Atlanta, GA 30346
Phone: (770) 452-2819
Email: hohall@logs.com

Page 1 of 13

D: DEED B: 7387 P: 36
06/24/2022 11:47 AM
2022-12087  Pages: 13  Fees: $25.00
Janice Morris
Clerk of Superior Court, Rockdale County, GA
eFile Participant IDs: 9043936402,7067927936

Parcel Id: C19-0-04-0001

Return Recorded Document to:
**SkyBeam Capital REIT LLC**
3225 Cumberland Boulevard Southeast, Suite 100
Atlanta, GA 30339

------------------------ [Space Above This Line For Recording Data] ------------------------
Loan #: 1784

## SECURITY DEED

State of Georgia
County of

THIS INDENTURE, made this 22nd day of June, 2022, between **M & T Real Estate Group II, Inc.**, a Georgia Corporation (hereinafter the "Grantor") and SkyBeam Capital REIT LLC, (hereinafter called the "Grantee"), whose address is 3225 Cumberland Blvd SE, Suite 100, Atlanta, GA 30339.

### WITNESSETH:

WHEREAS, Grantor is justly indebted to grantee in the sum of SEVEN HUNDRED TWENTY SIX THOUSAND TWO HUNDRED FIFTY AND 00/100 DOLLARS ($726,250.00), and has agreed to pay the same, with interest thereon, according to the terms of a certain Note (the "Note") given by Grantor to Grantee, bearing even date herewith, with final payment being due on April 1, 2023, the Note, by reference, being made a part hereof;

NOW, THEREFORE, in consideration of the premises and the sum hereinabove set forth, Grantor has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto Grantee the following property; to-wit:

### SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF

which currently has the address of:
955 Commercial St NE, Conyers, GA 30012
[Property Address]

TOGETHER WITH all buildings, structures and other improvements now or hereafter located on the property hereinbefore described, or any part and parcel thereof; and

TOGETHER WITH all rights, title and interest of Grantor in and to the minerals, flowers, shrubs, crops, timber and emblements now or hereafter on the said property or under the above, the same or any part or parcel thereof; and

1 of 7

Initials

EXHIBIT A

| Rockdale County Real Estate Certified Document | V1XEU-5CH3Y-CQBP | Page 2 of 13 |

TN64448  Page 2 of 13

**TOGETHER WITH** all and singular the tenements, hereditaments, easements and appurtenances thereunto belonging or in any wise appertaining, and the reversion or reversions, remainder and remainders, rents, issues and profits thereof; and also all the estate, right, title, interest claim and demand whatsoever of Grantor of, in and to the same and of, in and to every part and parcel thereof; and

**TOGETHER WITH** all machinery, apparatus, equipment, fittings and fixtures, whether actually or constructively attached to said property and including all trade, domestic and ornamental fixtures, now or hereafter located in, upon or under said property or any part thereof and used or usable in connection with any present or future operation or enjoyment of said property and now owned or hereafter acquired by Grantor; and

**TOGETHER WITH** any and all awards or payments, including interest thereon, and the right to receive the same, as a result of (a) the exercise of the right of eminent domain, (b) the alteration of the grade of any street, or (c) any other injury to, taking of, or decrease in value of, the premises to the extent of all amounts which may be secured by this deed at the date of receipt of nay such award or payment by Grantee and of the reasonable attorney's fees, cost and disbursements incurred by Grantee in connection with the collection of such award or payment.

**TO HAVE AND TO HOLD** the said premises hereby granted (all of which are collectively referred to herein as the "Premises") to the use, benefit and behalf of the Grantee, forever, in FEE SIMPLE.

Grantor warrants that Grantor has good title to the Premises, and is lawfully seized and possessed of the Premises and every part thereof, and has the right to convey the same; that the Premises are unencumbered except as may be herein expressly provided; and that Grantor will forever warrant and defend the title to the Premises unto Grantee against the claims of all persons whomsoever.

This instrument is a deed passing legal title pursuant to the laws of the State of Georgia governing loan or security deeds and is not a mortgage and is made and intended to secure the payment of the indebtedness of Grantor to Grantee evidenced by the Note in accordance with the terms thereof; together with any and all other indebtedness now owing or which may hereafter be owing by Grantor to grantee, however incurred and all renewal or renewals and extension or extensions of the Note or other indebtedness, either in whole or in part (all of which are collectively referred to herein as the "Secured Indebtedness").

The following riders are to be executed by Borrower and recorded contemporaneously herewith [mark each box as applicable]:

[ ] Adjustable Rate Rider     [ ] Contingent Interest Rider   [ ] Second Home Rider
[x] Balloon Rider              [ ] PUD Rider                    [ ] Condominium Rider
[x] 1 -4 Family Rider          [ ] Biweekly Payment Rider       [ ] Other(s) ~ specify:
[x] Waiver of Borrower's Rights [x] Closing Attorney Affidavit  [x] GA Foreclosure Disclosure

**AND GRANTOR FURTHER COVENANTS AND AGREES WITH GRANTEE**, as follows:

**1.**     Grantor shall pay to Grantee the Secured Indebtedness with interest thereon as the Note and this Deed provides.

**2.**     Grantor shall pay, when due and payable, (a) all taxes, assessments, general or special, and other charges levied on, or assessed, placed or made against the Premises, this instrument or the Secured Indebtedness or any interest of the Grantee in the Premises or the obligations secured hereby; (b) premiums on policies of fire and other hazard insurance covering the Premises, as required in Article 3 herein; (c) premiums on all collaterally pledged life insurance policies, if any; (d) premiums for mortgage insurance, if this deed and the Note are so insured; and (e) ground rents or other lease rentals, if any payable by Grantor. Grantor shall pay to Grantee, together with and in addition to the payments of principal and interest payable under the terms of the Note secured hereby, on the installment-due date of the Note, until said Note is fully paid or until notification from Grantee to the contrary, an amount reasonably sufficient (as estimated by Grantee) to provide Grantee with funds to pay said taxes, assessments, insurance premiums, rents and other charges next due so that Grantee will have sufficient funds on hand to pay same thirty (30) days prior

Initials:

TN64448  Page 3 of 13

to the due date thereof. In no event shall Grantee be liable for any interest on any amount paid to it as herein required, and the money so received may be held and commingled with its own funds, pending payment or application thereof as herein provided. Grantor shall furnish to Grantee, at least thirty (30) days before the date on which same swill become past due, an official statement of the amount of said taxes, assessments, insurance premiums and rents next due, and Grantee shall pay said charges to the amount of the then unused credit therefore as and when they become severally due and payable. An official receipt therefore shall be conclusive evidence of such payment and of the validity of such charges. Grantee may, at its option, pay any of these charges when payable, either before or after they become past due, without notice, or make advances therefore in excess of the then amount of credit for said charges. The excess amount advanced shall be immediately due and payable to Grantee and shall become part of the Secured Indebtedness and bear interest at the rate as in the Note from date of advancement. Grantee may apply credits held by it for the above charges, or any part thereof, on account of any delinquent installments of principal or interest or any other payments maturing or due under this instrument, and the amount of credit existing at any time shall be reduced by the amount thereof paid or applied as herein provided:

The amount of the existing credit hereunder at the time of any transfer of the Premises shall, without assignment thereof, inure to the benefit of the successor-owner of the Premises and shall be applied under the subject to all of the provisions hereof. Upon payment in full of the Secured Indebtedness, the amount of any unused credit shall be paid over to the person entitled to receive it In the event of the passage, after the date of this instrument, of any law or ordinance of the United States, the State or any political subdivision thereof, wherein the Premises are situated, or any decision by a court of competent jurisdiction, creating or providing for any tax, assessment or charge against the Premises, this instrument or the Secured Indebtedness or any interest of the Grantee in the Premises or the obligations secured hereby, that is to be paid by Grantee, the Secured Indebtedness shall, at the option of Grantee, become immediately due and payable and, in the event payment thereof is not made forthwith, Grantee may take, or cause to be taken, such action or proceeding as may be taken hereunder in the case of any other default in the payment of the indebtedness.

3.      (a) Grantor shall keep the Premises insured for the benefit of Grantee against loss or damage by fire, lightning, windstorm, hail, explosion, riot, riot attending a strike, civil commotion, aircraft, vehicles and smoke and such other hazards as Grantee may from time to time require, all in amounts approved by Grantee not exceeding 100% of full insurable value (in no event shall the amount of insurance be less than the amount of the Secured Indebtedness); all insurance herein provided for shall be in form and companies approved by Grantee; and, regardless of the types or amounts of insurance required and approved by Grantee. Grantor shall assign and deliver to Grantee, as collateral and further security for the payment of the Secured Indebtedness, all policies of insurance which insure against any loss or damage to the Premises, with loss payable to Grantee, without contribution by Grantee, pursuant to the New York Standard or other mortgagee clause satisfactory to Grantee. If Grantee, by reason of such insurance, receives any money for loss or damage, such amount may, at the option of Grantee, be retained and applied by Grantee toward payment of the Secured Indebtedness, or be paid over, wholly or in part, to Grantor for the repair or replacement of the Premises or any part thereof, or for any other purpose or object satisfactory to Grantee, but Grantee shall not be obligated to see to the proper application of any amount paid over to grantor.

(b) Not less than 30 days prior to the expiration date of each policy of insurance required of Grantor pursuant to this Article, and of each policy of insurance held as additional collateral to secure Secured Indebtedness, Grantor shall deliver to Grantee a renewal policy or policies marked "premium paid" or accompanied by other evidence of payment satisfactory to Grantee.

(c) In the event of a foreclosure of this deed, the purchaser of the Premises shall succeed to all rights of Grantor including any right to unearned premiums, in and to all policies of insurance assigned and delivered to Grantee, with respect to all property conveyed and to be conveyed by this deed, pursuant to the provisions of this Article.

4.      Grantor shall maintain the Premises in good condition and repair, shall not commit or suffer any waste to the Premises, and shall comply with, or cause to be complied with, all statutes, ordinances and requirements of any governmental authority relating to the Premises or any part thereof. Grantor shall

Initials:

promptly repair, restore, replace or rebuild any part of the Premises, now or hereafter encumbered by this deed, which may be affected by any proceeding of the character referred to in Article 6 herein. No part of the Premises, including but not limited to, any building, structure, parking lot, driveway, landscape scheme, timber or other ground improvement, or other property, now or hereafter conveyed as security by or pursuant to this deed, shall be removed, demolished or materially altered without the prior written consent of Grantee. Grantor shall complete, within a reasonable time and pay for any building, structure or other improvement at any time in the process of construction on the property herein conveyed. Grantor shall not initiate, join in or consent to any change in any private restrictive covenant, zoning ordinance or other public or private restrictions limiting or defining the uses which may be made of the Premises or any part thereof. Grantee and any persons authorized by Grantee shall have the right to enter and inspect the Premises at all reasonable times and access thereto shall be permitted for that purpose.

5.    Grantor shall execute and deliver (and pay the cost of preparation and recording thereof) to Grantee and to any subsequent holder from time to time, upon demand, any further instrument or instruments, including, but not limited to, security deeds, security agreements, financing statements, assignments and renewals and substitution notes, so as to reaffirm to correct and to perfect the evidence of the obligation hereby secured and the legal security title of Grantee to all or any part of the Premises, intended to be hereby conveyed, whether or not conveyed, later substituted for, or acquired subsequent to the date of this deed and extensions or modifications thereof, grantor, upon request made either personally or by mail, shall certify by a writing, duly acknowledged, to Grantee or to any proposed assignee of this deed, the amount of principal and interest then owing on the Secured Indebtedness and whether or not any offsets or defenses exist against the Secured Indebtedness, within 6 days in case the request is made personally, or within 10 days after the mailing of such request in case the request is made by mail.

6.    Grantee shall be subrogated to all right, title, lien or equity of all persons to whom it may have paid monies in settlement of liens, charges or in acquisition of title of or for its benefit hereunder, or for the benefit and account of Grantor at the time of making the loan evidenced by this security deed, or subsequently under any of the provisions herein.

7.    Notwithstanding any taking of any property, herein conveyed and agreed to be conveyed, by eminent domain, alteration of the grade of any street or other injury to, or decrease in value of the Premises by any public or quasi-public authority or corporation, Grantee shall continue to pay principal and interest on the Secured Indebtedness and any reduction in the Secured Indebtedness resulting from the application by Grantee of any award or payment for such taking, alteration, injury or decrease in value of the Premises, as hereinafter set forth, shall be deemed to take effect on the date of such receipt; and said award or payment may, at the option of Grantee, be retained and applied by Grantee toward payment of the Secured Indebtedness, or be paid over, wholly or in part to Grantor for the purpose of altering, restoring or rebuilding any part of the Premises which may have been altered, damaged or destroyed as a result of any such taking, alteration of grade, or other injury to the Premises, or for any other purpose or object satisfactory to Grantee, but Grantee shall not be obligated to see to the application of any amount paid over to Grantor, if, prior to the receipt by Grantee of such award or payment, the Premises have been sold on foreclosure of this deed, Grantee shall have the right to receive said award or payment to the extent of any deficiency found to be due upon such sale, with legal interest thereon, whether or not a deficiency judgment on this deed shall have been sought or recovered or denied, and of the reasonable counsel fees, cost and disbursements incurred by Grantee in connection with the collections of such award or payment.

8.    Upon the occurrence of any of the following events (herein called an "event of default"):

(a) should Grantor fail to pay the Secured Indebtedness, or any part thereof, when and as the same shall become due and payable;

(b) should any warranty of Grantor herein contained, or contained in any instrument, transfer, conveyance, assignment of loan agreement given with respect to the Secured Indebtedness, prove untrue or misleading in any material aspect;

(c)    should the Premises be subject to actual or threatened waste, or any part thereof be removed, demolished or materially altered, except as described the Construction Escrow Holdback

Initials:

TN64448  Page 5 of 13

Agreement as approved by Lender and so that the value of the Premises be diminished except as provided for in Article 7 herein;

(d)    should any federal tax lien or claim of lien for labor or material be filed of record against Grantor or the Premises and not be removed by payment or bond within 30 days from date of recording;

(e)    should any claim of priority to this deed by title, lien or otherwise be asserted in any legal or equitable proceeding;

(f)    should Grantor make any assignment for the benefit of creditors, or should a receiver, liquidator or trustee of Grantor or of any of Grantor's property be appointed, or should any petition for the bankruptcy, reorganization or arrangement of Grantor, pursuant to the Federal Bankruptcy Act or any similar statue, be filed, or should grantor be adjudicated bankrupt or insolvent, or should Grantor, if a corporation, be adjudicated or dissolved or its charter expire or be revoked, or, if a partnership or business association be dissolved or partitioned or, if a trust, be terminated or expire;

(g)    should Grantor fail to keep, observe, perform, carry out and execute in every particular the covenants, agreements, obligations and conditions set out in this deed, or in the Note, or in any instrument, transfer, conveyance, assignment or loan agreement given with respect to the Secured Indebtedness; or

(h)    should any event occur under any instrument, deed or agreement, given or made by Grantor to or with any third party, which would authorize the acceleration of any debt to any such third party;

(i)    should all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument;

(j)    should the death dissolution, or winding up, as the case may be, of the Borrower, any Guarantor, Member of the Borrower, or the occurrence of any change in the management or the control of the Borrower, unless any such changes are consented to in writing by the Lender, at the Lender's sole discretion.

Then and thereupon Grantee may do any one or more of the following:

(i)    enter upon and take possession of the Premises without the appointment of a receiver, or an application therefore, employ a managing agent of the Premises and let the same, either in its own name, or in the name of Grantor, and receive the rents, incomes, issues and profits of the Premises and apply the same, after payment of all necessary charges and expenses, on account of the Secured Indebtedness, and Grantor will transfer and assign to grantee, in form satisfactory to Grantee, Grantor's lessor interest in any lease now or hereafter affecting the whole or any part of the premises;

(ii)    pay any sums in any form or manner deemed expedient by Grantee to protect the security of the instrument or to cure any event of default other than payment of interest or principal on Secured Indebtedness; make any payment hereby authorized to be made according to any bill, statement, or estimate furnished or procured from the appropriate public officer of the party claiming payment without inquiry into the accuracy or validity thereof, and the receipt of any such public officer or party in the hands of Grantee shall be conclusive evidence of the validity and amount of items so paid, in which event the amounts so paid, with interest thereon form the date of such payment at the rate as in the Note shall be added to and become a part of the Secured Indebtedness and be immediately due and payable to Grantee; and Grantee shall be subrogated to any encumbrance, lien, claim or demand and to all the rights and securities for the payment thereof, paid or discharged with the principal sum secured hereby or be Grantee under the provisions hereof, and any such subrogation rights shall be additional an cumulative security to this instrument;

(iii)    declare the entire Secured Indebtedness immediately due, payable and collectible, without notice to Grantor, regardless of maturity, and in that event, the entire Secured Indebtedness shall become immediately due, payable and collectible; and thereupon, Grantee may sell and dispose of the Premises at

5 of 7

Initials

TN64448  Page 6 of 13

public auction, at the usual place for conducting sales at the courthouse in the county where the Premises or any part thereof may be, to the highest bidder for cash, first advertising the time, terms and place of such sale by publishing a notice thereof once a week for four (4) consecutive weeks in a newspaper in which sheriff's advertisements are published in said county, all other notice being hereby waived by Grantor; and Grantee may thereupon execute and deliver to the purchaser at said sale a sufficient conveyance of the Premises in fee simple, which conveyance may contain recitals as to the happening of the default upon which the execution of the power of sale, herein granted, depends, and said recitals shall be presumptive evidence that all preliminary acts prerequisite to said sale and deed were in all things duly complied with; and Grantee, its agents, representatives, successors or assigns, may bid and purchase at such sale; and Grantor hereby constitutes and appoints Grantee or its assigns, agent and attorney in fact to make such recitals, sale and conveyance, and all of the acts of such attorney in fact are hereby ratified, and Grantor agrees that such recitals shall be binding and conclusive upon Grantor and that the conveyance to be made by Grantee, or its assigns, (and in the event of a deed in lieu of foreclosure, then as to such conveyance) shall be effectual to bar all right, title and interest, equity of redemption including all statutory redemption, homestead, dower, courtesy and all other exceptions of grantor, or its successors in interest, in and to said Premises; and Grantee or its assigns, shall collect the proceeds of such sale, reserving therefrom all unpaid Secured Indebtedness with interest then due thereon, and all amounts advanced by Grantee for taxes, assessments, fire insurance premiums and other charges, with interest at the rate as in the Note from date of payment, together with all cost and charges for advertising, and commissions for selling the Premises, and 15% of the aggregate amount due, as attorney's fees and pay over any surplus to grantor (in the event of deficiency Grantor shall immediately on demand from Grantee pay over to Grantee, or its nominee, such deficiency) and Grantor agrees that possession of the Premises during the existence of the Secured Indebtedness by Grantor, or any person claiming under Grantor, shall be that of tenant under Grantee, or its assigns, and, in case of a sale, as herein provided, grantor or any person in possession under Grantor, shall then become and be tenants holding over, and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed in accordance with the provisions of law applicable to tenants holding over; the power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are in addition not any and all other remedies which Grantor may have at law or in equity.

Grantee, in any action to foreclose this deed, or upon any event of default, shall be at liberty to apply for the appointment of a receiver of the rents and profits or of the Premises or both without notice, and shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the Premises as security for the amounts due the grantee, or the solvency of any person or corporation liable for the payment of such amounts.

In case of any sale under this deed by virtue of the exercise of the power herein granted, or pursuant to any order in any judicial proceedings or otherwise, the Premises or any part thereof may be sold in one parcel and as entirety, or in such parcels, manner or order as Grantee in its sole discretion may elect, and one or more exercise of the powers herein granted shall not extinguish or exhaust the power unless the entire Premises are sold or the Secured Indebtedness paid in full.

9. Grantor, for himself and family, hereby waives and renounces all homestead and exemption rights provided for by the Constitution and Laws of the United States or the State of Georgia, in and to the Premises as against the collection of the Secured Indebtedness, or any part thereof; and Grantor agrees that where, by the terms of the conveyance or the Note secured hereby, a day is named or a time fixed for the payment of any sum of money or the performance of any agreement, the time stated enters into the consideration and is of the essence of the whole contract.

10. Grantee shall have the right from time to time to sue for any sums, whether interest, principal or any installment of either or both, taxes, penalties, or any other sums required to be paid under the terms of this deed, as the same become due, without regard to whether or not all of the Secured Indebtedness shall be due on demand, and without prejudice to the right of Grantee thereafter to enforce any appropriate remedy against the Grantor, including an action of Foreclosure, or any other action, for a default or defaults by Grantor existing at the time of such earlier action was commenced.

6 of 7

Initials: _____

TN64448  Page 7 of 13

11. The rights of Grantee, granted and arising under the clauses and covenants contained in this deed and the Note, shall be separate, distinct and cumulative of other powers and rights herein granted and all other rights which Grantee may have in law or equity and none of them shall be in exclusion of the others; and all of them are cumulative to the remedies for collection of indebtedness, enforcement of rights under security deeds, and preservation of security as provided at law. No act of Grantee shall be construed as an election to proceed under any one provision herein or under the Note to the exclusion of any other provision, or an election of remedies to the bar of any other remedy allowed at law or in equity, anything herein or otherwise to the contrary notwithstanding.

12. Every provision for notice and demand or request shall be deemed fulfilled by written notice and demand or request personally served on one or more of the persons who shall at the time hold the record title to the Premises, or on their heirs or successors, or mail by depositing it in any post office station or letter box, enclose din a postpaid envelope (a) addressed to such person or persons, or their heirs or successors, at his, their or its address last known to Grantee or (b) addressed to the street address for the Premises hereby conveyed.

13. Any indulgence or departure at any time by the Grantee from any of the provisions hereof, or of any obligation hereby secure, shall not modify the same or relate to the future or waive future compliance therewith by the Grantor. If more than one party shall execute this deed, the term "Grantor" shall mean all parties signing, and each of them, and each agreement, obligation and Secured Indebtedness of the Grantor shall be and mean the several as well as joint undertaking of each of them.

14. The words "Grantor" and "Grantee" whenever used herein shall include all individuals, corporations (and if a corporation, its officers, employees, agents or attorneys) and any and all other persons or entities, and the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and all those holding under either of them, and the pronouns used herein shall include, when appropriate, either gender and both singular and plural, and the word "Note" shall also include one or more notes and the grammatical construction of sentences shall conform thereto.

IN WITNESS WHEREOF, this Indenture has been duly executed and sealed by Grantor; any such execution and sealing by a corporation has been carried out by its proper officers thereunto duly authorized; the date and year first above written.

This 22nd day of June, 2022, Signed, Sealed and delivered in the presence of:


_____
Unofficial Witness

_____
Notary Public

M & T Real Estate Group II, Inc.,
a Georgia Corporation

By:
Adrian M. Tisdale, President

By:
Adrian M. Tisdale, Secretary

J KATZ
MY COMMISSION EXPIRES
NOTARY
PUBLIC
OCTOBER 18, 2023
COBB COUNTY, GEORGIA

TN64448  Page 8 of 13
## Exhibit A - Legal Description

ALL THAT TRACT OR PARCEL OF LAND, LYING AND BEING IN LAND LOT 295 OF THE 16th LAND DISTRICT, CITY OF CONYERS, ROCKDALE COUNTY, STATE OF GEORGIA, CONTAINING 0.883 ACRE, MORE OR LESS, (38,463.5 SQUARE FEET), BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A P-K NAIL SET WHERE THE SOUTHEASTERLY 30FT. RIGHT-OF-WAY OF WAREHOUSE STREET INTERSECTS THE NORTHERN RIGHT-OF-WAY OF COMMERCIAL STREET, A VARIABLE RIGHT-OF-WAY AT THIS POINT, THENCE PROCEEDING South 71 DEGREES 43 MINUTES 04 SECONDS WEST A DISTANCE OF 89.61 FEET TO A P-K NAIL SET IN AN ASPHALT DRIVE, THE TRUE POINT OF BEGINNING, THENCE South 50 degrees 11 minutes 52 seconds East a distance of 434.41 feet to a MAG nail set on the Right-of-Way of South Main Street; THENCE along the South Right-of-Way of South Main Street, And along the back of the sidewalk, South 20 degrees 11 minutes 55 seconds East for a distance of 53.01 feet to a calculated point THENCE South 24 degrees 57 minutes 32 seconds East for a distance of 43.35 feet to a calculated point; South 32 degrees 23 minutes 58 seconds East for a distance of 50.28 feet to a calculated point; South 33 degrees 47 minutes 06 seconds East for a distance of 41.07 feet to an Iron Pin Set where the South Right-of-Way of South Main Street intersects the Westerly Right-of-Way of Pine Log Road at the Railroad Crossing; South 39 degrees 47 minutes 26 seconds West for a distance of 3.04 feet to an iron pin set, 25 feet from the centerline of the main CSX Railroad Track; along a line parallel to and 25 feet Northeast of the main CSX Railroad Track, North 50 degrees 11 minutes 52 seconds West for a distance of 299.40 feet to an iron pin set; North 50 degrees 11 minutes 52 seconds West for a distance of 309.50 feet to an iron pin set; North 41 degrees 24 minutes 05 seconds East for a distance of 75.03 feet to a P-K nail set in the asphalt, the True Point of Beginning. Together with and subject to covenants, easements, and of record.

LESS AND EXCEPT ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 295 OF THE 16TH DISTRICT OF ROCKDALE COUNTY, CITY OF CONYERS, STATE OF GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

TO FIND THE POINT OF BEGINNING begin at a p/k nail set on the right-of-way intersection of Warehouse Street and Commercial Street, thence proceed South egrees 43 minutes 04 seconds West for a distance of 89.61 ft. to a pk nail set in the pavement, thence South 41 degrees 24 minutes 05 seconds West 36.88 ft. to a point on the back of the curb, also being the TRUE POINT OF BEGINNING; THENCE South 79 degrees 23 minutes 22 seconds East for a distance of 6.92 feet to at calculated point on the top back of curb; THENCE along a curve to the right having a radius of 8.72 feet and an arc length of 16.58 feet, being subtended by a chord of North 74 degrees 35 minutes 16 seconds East for a distance of 14.19 feet to a calculated point on the top back of curb; THENCE South 50 degrees 57 minutes 06 seconds East for a distance of 38.77 feet to a calculated point on the top back of curb; THENCE South 19 degrees 44 minutes 00 seconds East for a distance of 7.40 feet to a calculated point at the corner of the building; THENCE South 40 degrees 25 minutes 21 seconds West for a distance of 49.44 feet to an iron pin set at fence; THENCE North 50 degrees 11 minutes 53 seconds West for a distance of 58.95 feet to an iron pin set; THENCE North 41 degrees 24 minutes 05 seconds East for a distance of 38.15 feet to a calculated

GA2022-0312-A1/101

Rockdale County Real Estate Certified Document     V1XEU-5CH3Y-CQBP         Page 9 of 13

TN64448  Page 9 of 13
Continued

point at the top back of curb, also being the TRUE POINT OF BEGINNING; Together with and subject to covenants, easements and restrictions of record.

Said property contains 0.089 acres, more or less, as shown on a plat of survey for Brillante International, Inc. dated January 08, 2007 by Robert M. Buhler Rls No, 1403 recorded in Plat Book 35 Page 74 in Rockdale County, which plat is incorporated herein by reference.

Subject Property Address: 955 NE Commercial Street, Conyers, GA  30012

Parcel ID: C190040001

Legal Description

GA2022-0312-A1/101

TN64448  Page 10 of 13

## 1-4 FAMILY RIDER

THIS 1-4 FAMILY RIDER shall be deemed to amend and/or supplement the Security Deed to which this Rider is attached, dated and given by M & T Real Estate Group II, Inc., a Georgia Corporation (the "Borrower") to secure Borrower's promissory note to SkyBeam Capital REIT LLC (the "Lender") of the same date and covering the real property described in the Security Deed, being commonly known as:

955 Commercial St NE, Conyers, GA 30012 [the "Property"]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Deed, the following provisions shall apply:

A.      USE OF PROPERTY; COMPLIANCE WITH LAW. Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

B.      SUBORDINATE LIENS. Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Deed to be perfected against the Property without Lender's prior written permission.

C.      RENT LOSS INSURANCE. Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required in this transaction.

D.      ASSIGNMENT OF LEASES. Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph D, the word "lease" shall mean "sublease" if the Security Deed is on a leasehold.

E.      ASSIGNMENT OF RENTS. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Deed, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the rents of the Property directly; and (iii) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant. Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph E.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Deed is paid in full.

F.      CROSS-DEFAULT & CROSS-COLLATERALIZATION PROVISION. A default under the promissory note or Security Deed shall constitute a default under each and every other note and security instrument to Grantee from Grantor, or from any corporation, partnership, trust or other legal entity in which either Grantor is an officer, director, principal, shareholder, partner or beneficiary, or of which any officer, director, principal, shareholder, partner or beneficiary of Grantor is an officer, director, principal, shareholder, partner or beneficiary, and vice versa. Upon the occurrence of such a default, Grantee may, at its sole discretion and option, declare any or all other such notes or security instruments in default, accelerate the indebtedness evidenced or secured thereby as immediately due and payable and exercise any and all remedies set forth in the note(s) and security instrument(s) that have been accelerated pursuant to this provision.

1 of 2

Initials: _____

TN64448  Page 11 of 13

BY SIGNING BELOW, Borrower hereby accepts and agrees to the terms and covenants contained in this
1-4 Family Rider.

M & T Real Estate Group II, Inc.,
a Georgia Corporation

By:
     Adrian M. Tisdale, President

By:
     Adrian M. Tisdale, Secretary

TN64448  Page 12 of 13

### BALLOON PAYMENT RIDER TO SECURITY INSTRUMENT

THIS BALLOON RIDER is made this 22nd day of June, 2022 made by the Borrower(s) signing below ("Borrower") to SkyBeam Capital REIT LLC ("Lender") and Security Deed (the "Security Instrument") dated June 22, 2022 and given by Borrower to secure repayment of the Note.

In addition to the agreements and provisions made in the Note and the Security Instrument, both the borrower and Lender further agree as follows:

THIS LOAN IS PAYABLE AT THE END OF 9 MONTHS, ON April 1, 2023. BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND THE UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. BORROWER WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS BORROWER MAY OWN, OR BORROWER WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER BORROWER HAS THIS LOAN WITH, WILLING TO LEND BORROWER THE MONEY AT PREVAILING INTEREST RATES, WHICH MAY BE CONSIDERABLY HIGHER OR LOWER THAN THE INTEREST RATE ON THIS LOAN. IF BORROWER REFINANCES THIS LOAN AT MATURITY, BORROWER MAY HAVE TO PAY SOME OR ALL CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN, EVEN IF BORROWER OBTAINS REFINANCING FROM THE SAME LENDER.

ANY SUBORDINATE DEBT MUST BE APPROVED IN WRITING BY LENDER. OBTAINING ANY SUBORDINATE DEBT WITHOUT THE CONSENT OF THE LENDER SHALL BE AN EVENT OF DEFAULT.

M & T Real Estate Group II, Inc.,
a Georgia Corporation

By: _____
Adrian M. Tisdale, President

By: _____
Adrian M. Tisdale, Secretary

1 of 1

TN64448  Page 13 of 13

Lender: SkyBeam Capital REIT LLC
Grantor: M & T Real Estate Group II, Inc., a Georgia Corporation
Property: 955 Commercial St NE, Conyers, GA 30012
Date of Deed: June 21, 2022

## ACKNOWLEDGEMENT OF WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NON-JUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PREVISIONS HEREOF, (2) WAIVES ANY AND ALL RIGHTS THAT GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF, (3) ACKNOWLEDGES THAT GRANTOR HAS READ THE SECURITY DEED AND THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF THE SECURITY DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THE SECURITY DEED, (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

Read and Accepted by Grantor.
Signed, Sealed and Delivered in the Presence of:

GRANTOR:
M & T Real Estate Group II, Inc.,
a Georgia Corporation

By:
Adrian M. Tisdale, President

By:
Adrian M. Tisdale, Secretary

### CLOSING ATTORNEY AFFIDAVIT

Before the undersigned attesting officer, personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above Grantor's loan, just prior to the execution of the Security Deed and Acknowledgement of Waiver of Borrower's Rights by Grantor, I reviewed with and explained to Grantor the terms and provisions of the Security Deed and particularly the provisions thereof authorizing Lender to sell the secured property by a non-judicial foreclosure under a power of sale, together with the Acknowledgement of Waiver of Borrower's Rights and informed Grantor of Grantor's rights under the Constitution of the United States and the Constitution of the State of Georgia to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Grantor of Grantor's rights. After said review with and explanation to Grantor, Grantor executed the Security Deed and the Acknowledgement of Waiver of Borrower's Rights.

Based on such review with and explanation to Grantor, it is my opinion that Grantor knowingly, intentionally and willingly executed said waiver of Grantor's Constitutional rights to notice and judicial hearing prior to any said non-judicial foreclosure. Sworn to and subscribed before me, the undersigned attesting officer, on the date set forth above.

Notary Public

Closing Attorney

### GEORGIA FORECLOSURE CLOSING DISCLOSURE

O.G.C.A. Section 7-1-1014(3) requires that you be informed that if you fail to meet any condition or term of the documents that you have executed in obtaining a mortgage loan, you may lose the property that serves as collateral for said mortgage loan through foreclosure.

M & T Real Estate Group II, Inc.,
a Georgia Corporation

By:
Adrian M. Tisdale, President

By:
Adrian M. Tisdale, Secretary

1 of 1

Type: GEORGIA LAND RECORDS
Recorded: 1/26/2024 11:50:00 AM
Fee Amt: $25.00 Page 1 of 5
Rockdale, Ga. Clerk Superior Court
Janice Morris Clerk of Superior and State Courts

Participant ID: 0660276002

## BK 7720 PG 256 - 260

Return to: Dene Perusse
Richard B. Maner, P. C.
180 Interstate N Parkway
Suite 200
Atlanta, GA 30339

(404)-252-6385

Our File #FC22-338

Parcel ID: C190040001

NOTE TO CLERK: Please cross index to
Deed Book 7387, Page 36,
Rockdale County, Georgia records.

### DEED UNDER POWER

State of GEORGIA

County of COBB

THIS INDENTURE, made this 2nd day of January, 2024, by M & T Real Estate Group II, Inc., a Georgia corporation, acting through their duly appointed agent and attorney in fact, SkyBeam Capital REIT LLC, as Party of the First Part, and SkyBeam Capital REIT LLC as Party of the Second Part;

### W I T N E S S E T H:

WHEREAS, said M & T Real Estate Group II, Inc., a Georgia corporation, on June 22, 2022 executed and delivered to SkyBeam Capital REIT LLC a certain Deed to Secure Debt dated June 24, 2022, and recorded in Deed Book 7387, Page 36, Rockdale County, Georgia Records; conveying the after-described property, to secure the payment of a Promissory Note of even date therewith, in the original principal amount of $726,250.00, and

WHEREAS, default in the payment of the monthly installments under said note occurred, and whereas by reason of said default, SkyBeam Capital REIT LLC elected, pursuant to the terms of said deed and note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, said entire indebtedness still being in default, the said SkyBeam Capital REIT LLC on behalf of the said M & T Real Estate Group II, Inc., a Georgia corporation and according to the terms of said Deed to Secure Debt, did advertise said property for sale once a week for four weeks in a newspaper in Rockdale County, Georgia, wherein the Sheriff carries his advertisement, namely Rockdale Citizen, said dates of publication being: December 6, 2023; December 13, 2023; December 20, 2023; and December 27, 2023; and

Page 1 of 4

EXHIBIT B

WHEREAS, the said SkyBeam Capital REIT LLC did expose said land for sale to the highest bidder for cash on the first Tuesday in January, 2024, within the legal hours of sale at the usual place for conducting Sheriff's sales in Rockdale County, before the courthouse door at Conyers, Georgia, in said county, and offered said property for sale at public outcry to the highest bidder for cash when and where SkyBeam Capital REIT LLC bid Eight Hundred Thousand Dollars And No Cents ($800,000.00); and

WHEREAS, the said land was knocked off to the said SkyBeam Capital REIT LLC for the sum of Eight Hundred Thousand Dollars And No Cents ($800,000.00); and

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the aforesaid Deed to Secure Debt, the party of the first part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the party of the second part, its successors, representatives, heirs, and assigns:

All that tract or parcel of land, lying and being in Land Lot 295 of the 16th Land District, City of Conyers, Rockdale County, State of Georgia, containing 0.883 acre, more or less, (38,453.5 square feet), being more particularly described as follows:

Beginning at a P/K nail set where the southeasterly 30-foot right-of-way of Warehouse Street intersects the northern right-of-way of Commercial Street, a variable right-of-way at this point, thence proceeding south 71 degrees 43 minutes 04 seconds west a distance of 89.61 feet to a P/K nail set in an asphalt drive, the true point of beginning, thence South 50 degrees 11 minutes 52 seconds East a distance of 434.41 feet to a MAG nail set on the right-of-way of South Main Street; thence along the South right-of-way of South Main Street, and along the back of the sidewalk, South 20 degrees 11 minutes 55 seconds East for a distance of 53.01 feet to a calculated point thence South 24 degrees 57 minutes 32 seconds East for a distance of 43.35 feet to a calculated point; South 32 degrees 23 minutes 58 seconds East for a distance of 50.28 feet to a calculated point; South 33 degrees 4 7 minutes 06 seconds East for a distance of 41.07 feet to an iron Pin Set where the South right-of-way of South Main Street intersects the Westerly right-of-way of Pine Log Road at the Railroad Crossing; South 39 degrees 47 minutes 26 seconds West for a distance of 3.04 feet to an iron pin set, 25 feet from the centerline of the main CSX Railroad Track; along a line parallel to and 25 feet Northeast of the main CSX Railroad Track, North 50 degrees 11 minutes 52 seconds West for a distance of 299.40 feet to an iron pin set; North 50 degrees 11 minutes 52 seconds West for a distance of 309.50 feet to an iron pin set; North 41 degrees 24 minutes 05 seconds East for a distance of 75.03 feet to a P/K nail set in the asphalt, the True Point of Beginning.

Together with and subject to covenants, easements, and of record.

LESS AND EXCEPT All that tract or parcel of land, lying and being in Land Lot 295 of the 16th District, City of Conyers, Rockdale County, State of Georgia and being more particularly described as follows:

TO FIND THE POINT OF BEGINNING begin at a P/K nail set on the right-of-way intersection of Warehouse Street and Commercial Street, thence proceed South degrees 43 minutes 04 seconds West for a distance of 89.61 ft. to a P/K nail set in the pavement, thence South 41 degrees 24 minutes 05 seconds West 36.88 ft. to a point on the back of the curb, also being the TRUE POINT OF BEGINNING; thence South 79 degrees 23 minutes 22 seconds East for a distance of 5.92 feet to a calculated point on the top back of curb; thence along a curve to the right having a radius of 8.72 feet and an arc length of 16.58 feet, being subtended by a chord of North 74 degrees 35 minutes 16

seconds East for a distance of 14.19 feet to a calculated point on the top back of curb; thence South 50 degrees 57 minutes 06 seconds East for a distance of 38.77 feet to a calculated point on the top back of curb; thence South 19 degrees 44 minutes 00 seconds East for a distance of 7.40 feet to a calculated point at the corner of the building; thence South 40 degrees 25 minutes 21 seconds West for a distance of 49.44 feet to an iron pin set at fence; thence North 50 degrees 11 minutes 53 seconds West for a distance of 58.95 feet to an iron pin set; thence North 41 degrees 24 minutes 05 seconds East for a distance of 38.15 feet to a calculated point at the top back of curb, also being the TRUE POINT OF BEGINNING; Together with and subject to covenants, easements and restrictions of record.

Said property contains 0.069 acres, more or less, as shown on a plat of survey for Brillante International, Inc. dated January 8, 2007 by Robert M. Buhler RLS No. 1403 recorded in Plat Book 35 Page 74 in Rockdale County, which plat is incorporated herein by reference.

Subject Property Address: 955 NE Commercial Street, Conyers, GA 30012

Parcel ID: C190040001

Together with all and singular the rights, members and appurtenances thereto appertaining; also, all the estate, right, title, interest, claim or demand of the said M & T Real Estate Group II, Inc., a Georgia corporation, its representatives, heirs and assigns, legal, equitable or otherwise whatsoever, in and to the same.

TO HAVE AND TO HOLD the said premises and every part thereof unto the said Party of the Second Part, its representatives, heirs and assigns, to its own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said M & T Real Estate Group II, Inc., a Georgia corporation, its representatives, heirs or assigns, did hold and enjoy the same.

The notice of foreclosure sale as required by Georgia law in the form of a copy of the Notice of Sale submitted to the Rockdale Citizen was provided to the debtor(s) at least 30 days prior to the foreclosure sale date.

| Rockdale County Real Estate Certified Document | D7ZCV-HUPBL-E8CV | Page 4 of 5 |

Page 4 of 5

IN WITNESS WHEREOF, the said SkyBeam Capital REIT LLC as Agent and Attorney in Fact for M & T Real Estate Group II, Inc., a Georgia corporation has hereunder affixed its hand and seal, the day and year first above written.

Signed, sealed and delivered in the presence of:

Witness:

__Jamie Harris__

Signature

NOTARY WITNESS:

State of __Georgia__

County of __Cobb__

On , __9__ , __January__ 20 __24__ before me, __Kayla D. Hedgren__ , a Notary Public personally appeared __Megan Fikse__ and __Jeffrey Dimock__ , personally known to me, and executed the foregoing instrument in their authorized capacity in my presence.

Witness my hand and official seal,

__Kayla D. Hedgren__

Notary Name: __Kayla D. Hedgren__

Commission Expiration date: __1/12/2027__

M & T Real Estate Group II, Inc., a Georgia corporation,
Acting through their duly appointed attorney-in-fact,
SkyBeam Capital REIT LLC

BY:
Name: Megan Fikse
Title: Authorized Agent

BY:
Name: Jeff Dimock
Title: Authorized Agent

| Rockdale County Real Estate Certified Document | D7ZCV-HUPBL-E8CV | Page 5 of 5 |

Page 5 of 6

PT-61 (Rev. 2/16)     **To be filed in ROCKDALE COUNTY**     PT-61 122-2024-000225

| SECTION A -- SELLER'S INFORMATION (Do not use agent's information) | | SECTION C -- TAX COMPUTATION | |
|---|---|---|---|
| **SELLER'S BUSINESS / ORGANIZATION / OTHER NAME** | | **Exempt Code** If no exempt code enter NONE | **First Transferee Foreclosure** |
| M & T Real Estate Group II, Inc | | | |
| **MAILING ADDRESS (STREET & NUMBER)** | | 1. Actual Value of consideration received by seller Complete Line 1A if actual value unknown | $800,000.00 |
| 955 Commercial Street NE | | | |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY** | **DATE OF SALE** | 1A. Estimated fair market value of Real and Personal property | $0.00 |
| Conyers, GA 30012 USA | 1/2/2024 | | |
| SECTION B -- BUYER'S INFORMATION (Do not use agent's information) | | 2. Fair market value of Personal Property only | $0.00 |
| **BUYER'S BUSINESS / ORGANIZATION / OTHER NAME** | | 3. Amount of liens and encumbrances not removed by transfer | $0.00 |
| SkyBeam Capital REIT LLC | | | |
| **MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)** | | 4. Net Taxable Value (Line 1 or 1A less Lines 2 and 3) | $0.00 |
| 3225 Cumberland Blvd Suite 100 | | | |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY** | **Check Buyers Intended Use** | 5. TAX DUE at .10 per $100 or fraction thereof (Minimum $1.00) | $0.00 |
| Atlanta, GA 30339 USA | ( ) Residential (x) Commercial ( ) Agricultural ( ) Industrial | | |
| SECTION D -- PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | |
| **HOUSE NUMBER & EXTENSION (ex 285A)** | **PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION** | | **SUITE NUMBER** |
| 955 | Commercial Street NE | | |
| **COUNTY** | **CITY (IF APPLICABLE)** | **MAP & PARCEL NUMBER** | **ACCOUNT NUMBER** |
| ROCKDALE | Conyers | C190040001 | |
| **TAX DISTRICT** | **GMD** | **LAND DISTRICT** | **ACRES** | **LAND LOT** | **SUB LOT & BLOCK** |
| | | 16 | 0.883 | 295 | |
| SECTION E -- RECORDING INFORMATION (Official Use Only) | | | |
| **DATE** | **DEED BOOK** | **DEED PAGE** | **PLAT BOOK** | **PLAT PAGE** |
| | | | | |

**ADDITIONAL BUYERS**
None

Page 1 of 4

Type: GEORGIA LAND RECORDS
Recorded: 1/26/2024 11:50:00 AM
Fee Amt: $25.00  Page 1 of 4
Transfer Tax: $0.00
Rockdale, Ga. Clerk Superior Court
Janice Morris Clerk of Superior and State Courts

Participant ID: 0660276002

# BK 7720  PG 261 - 264

Return to:  Richard B. Maner
Richard B. Maner, P. C.
180 Interstate North Parkway
Suite 200
Atlanta, GA  30339
FC22-338/TI, LLC

Map Parcel ID #C190040001

## SPECIAL WARRANTY DEED

STATE OF GEORGIA        )

COUNTY OF COBB        )

THIS INDENTURE made this ___7___ Day of __january__, in the year of Two Thousand Twenty-Four, between SkyBeam Capital REIT LLC, c/o Sky Beam Capital, LLC, whose address is 3225 Cumberland Blvd, Suite 100, Atlanta, GA  30339, as party or parties of the first part, hereinafter called Grantor, and  SkyBeam Capital Partners, LLC, hereinafter referred to as "Grantee", whose address is 3225 Cumberland Blvd, Suite 100, Atlanta, GA  30339, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH THAT:  Grantor, for and in consideration of the sum of TEN and 00/100's ($10.00) Dollars and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the Grantee, its successors and assigns, the following described property to wit:

All that tract or parcel of land, lying and being in Land Lot 295 of the 16th Land District, City of Conyers, Rockdale County, State of Georgia, containing 0.883 acre, more or less, (38,453.5 square feet), being more particularly described as follows:

Beginning at a P/K nail set where the southeasterly 30-foot right-of-way of Warehouse Street intersects the northern right-of-way of Commercial Street, a variable right-of-way at this point, thence proceeding south 71 degrees 43 minutes 04 seconds west a distance of 89.61 feet to a P/K nail set in an asphalt drive,

1

EXHIBIT C

the true point of beginning, thence South 50 degrees 11 minutes 52 seconds East a distance of 434.41 feet to a MAG nail set on the right-of-way of South Main Street; thence along the South right-of-way of South Main Street, and along the back of the sidewalk, South 20 degrees 11 minutes 55 seconds East for a distance of 53.01 feet to a calculated point thence South 24 degrees 57 minutes 32 seconds East for a distance of 43.35 feet to a calculated point; South 32 degrees 23 minutes 58 seconds East for a distance of 50.28 feet to a calculated point; South 33 degrees 4 7 minutes 06 seconds East for a distance of 41.07 feet to an iron Pin Set where the South right-of-way of South Main Street intersects the Westerly right-of-way of Pine Log Road at the Railroad Crossing; South 39 degrees 47 minutes 26 seconds West for a distance of 3.04 feet to an iron pin set, 25 feet from the centerline of the main CSX Railroad Track; along a line parallel to and 25 feet Northeast of the main CSX Railroad Track, North 50 degrees 11 minutes 52 seconds West for a distance of 299.40 feet to an iron pin set; North 50 degrees 11 minutes 52 seconds West for a distance of 309.50 feet to an iron pin set; North 41 degrees 24 minutes 05 seconds East for a distance of 75.03 feet to a P/K nail set in the asphalt, the True Point of Beginning.

Together with and subject to covenants, easements, and of record.

LESS AND EXCEPT All that tract or parcel of land, lying and being in Land Lot 295 of the 16th District, City of Conyers, Rockdale County, State of Georgia and being more particularly described as follows:

TO FIND THE POINT OF BEGINNING begin at a P/K nail set on the right-of-way intersection of Warehouse Street and Commercial Street, thence proceed South degrees 43 minutes 04 seconds West for a distance of 89.61 ft. to a P/K nail set in the pavement, thence South 41 degrees 24 minutes 05 seconds West 36.88 ft. to a point on the back of the curb, also being the TRUE POINT OF BEGINNING; thence South 79 degrees 23 minutes 22 seconds East for a distance of 5.92 feet to at calculated point on the top back of curb; thence along a curve to the right having a radius of 8.72 feet and an arc length of 16.58 feet, being subtended by a chord of North 74 degrees 35 minutes 16 seconds East for a distance of 14.19 feet to a calculated point on the top back of curb; thence South 50 degrees 57 minutes 06 seconds East for a distance of 38.77 feet to a calculated point on the top back of curb; thence South 19 degrees 44 minutes 00 seconds East for a distance of 7.40 feet to a calculated point at the corner of the building; thence South 40 degrees 25 minutes 21 seconds West for a distance of 49.44 feet to an iron pin set at fence; thence North 50 degrees 11 minutes 53 seconds West for a distance of 58.95 feet to an iron pin set; thence North 41 degrees 24 minutes 05 seconds East for a distance of 38.15 feet to a calculated point at the top back of curb, also being the TRUE POINT OF BEGINNING; Together with and subject to covenants, easements and restrictions of record.

Said property contains 0.069 acres, more or less, as shown on a plat of survey for Brillante International, Inc. dated January 8, 2007 by Robert M. Buhler RLS No. 1403 recorded in Plat Book 35 Page 74 in Rockdale County, which plat is incorporated herein by reference.

Subject Property Address: 955 NE Commercial Street, Conyers, GA 30012

Parcel ID: C190040001

Page 3 of 4

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the only proper use, benefit and behoof of the said Grantee, its successors and assigns, in fee simple; and Grantor specially warrants the title to the said bargained property above described against the lawful claims of all persons claiming by, through or under the Grantor.

IN WITNESS WHEREOF, Grantor, as agent and attorney-in-fact for Borrower(s) has hereunto affixed Grantor's hand and seal on this, to be effective as of the date first above-written.

Signed, Sealed, and Delivered in the
Presence of:
Witness:

_____
Signature

Jamie Harris
Printed Name:
Date: 1/9/2024

SkyBeam Capital REIT LLC

By: _____
Name: Megan Fikse
Title: Authorized Agent
Date: 1/9/2024

Notary Witness:

STATE OF Georgia    )
COUNTY OF Cobb    )

Subscribed and sworn to before me on this __9__ day of January, in the year 20_24_, by ___Megan Fikse___, a authorized agent of SkyBeam Capital REIT LLC, proved on the basis of satisfactory evidence to be the person whose names are subscribed to this instrument.

Witness my hand and official seal

_____
Notary Public

KAYLA D HEDGREN
My Commission Expires
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
01-12-2028

3

| Rockdale County Real Estate Certified Document | K14SL-L3EMC-8UL4 | Page 4 of 4 |

Page 4 of 4

PT-61 (Rev. 2/18)    **To be filed in ROCKDALE COUNTY**    PT-61 122-2024-000226

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | SECTION C – TAX COMPUTATION | |
|---|---|---|
| **SELLER'S BUSINESS / ORGANIZATION / OTHER NAME**<br>SkyBeam Capital RMIF LLC | **Exempt Code**<br>If no exempt code enter NONE | **Corporation to<br>Corporation** |
| **MAILING ADDRESS (STREET & NUMBER)**<br>3225 Cumberland Blvd Suite 100 | 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | $800,000.00 |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY**    **DATE OF SALE**<br>Atlanta, GA 30339 USA                        1/9/2024 | 1A. Estimated fair market value of Real and<br>Personal property | $0.00 |
| **SECTION B – BUYER'S INFORMATION (Do not use agent's information)** | 2. Fair market value of Personal Property only | $0.00 |
| **BUYER'S BUSINESS / ORGANIZATION / OTHER NAME**<br>SkyBeam Capital Partners, LLC | 3. Amount of liens and encumbrances<br>not removed by transfer | $0.00 |
| **MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)**<br>3225 Cumberland Blvd Suite 100 | 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | $0.00 |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY**    **Check Buyers Intended Use**<br>Atlanta, GA 30339 USA    ( ) Residential  (x) Commercial<br>( ) Agricultural  ( ) Industrial | 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | $0.00 |

| SECTION D – PROPERTY INFORMATION (Location of Property {Street, Route, Hwy, etc}) | | | | |
|---|---|---|---|---|
| **HOUSE NUMBER & EXTENSION (ex 206A)**<br>955 | **PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION**<br>Commerical Street NE | | | **SUITE NUMBER** |
| **COUNTY**<br>ROCKDALE | **CITY (IF APPLICABLE)**<br>Conyers | | **MAP & PARCEL NUMBER**<br>C190040001 | **ACCOUNT NUMBER** |
| **TAX DISTRICT**        **GMD** | **LAND DISTRICT**<br>16 | **ACRES**<br>0.683 | **LAND LOT**<br>295 | **SUB LOT & BLOCK** |

| SECTION E – RECORDING INFORMATION (Official Use Only) | | | | |
|---|---|---|---|---|
| **DATE** | **DEED BOOK** | **DEED PAGE** | **PLAT BOOK** | **PLAT PAGE** |

**ADDITIONAL BUYERS**
None

Apply for Homestead Exemption

## Summary



| | |
|---|---|
| Parcel Number | C190040001 |
| Location Address | 955 NE COMMERCIAL ST |
| Legal Description | S/SIDE RAILROAD ST |
| | (Note: Not to be used on legal documents) |
| Class | C3-Commercial |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Zoning | BGC |
| Tax District | CITY TAD (District 03) |
| Millage Rate | 13.834 |
| Acres | 0.79 |
| Homestead Exemption | No (S0) |
| Landlot/District | 295 / 16 |
| Water | Public |
| Sewer | Septic Tank |
| Electric | Electricity |
| Gas | Gas |
| Topography | Level |
| Drainage | Good |
| Road Class | City |
| Parcel Road Access | Paved |

View Map

## Owner

SKYBEAM CAPITAL PARTNERS LLC
3225 CUMBERLAND BLVD SUITE 100
ATLANTA, GA 30339

## Land

| Type | Description | Calculation Method | Square Footage | Frontage | Depth | Acres | Lots |
|---|---|---|---|---|---|---|---|
| Commercial | T2075- SF | Square Feet | 34,412 | 0 | 0 | 0.79 | 1 |

## Commercial Improvement Information

| | |
|---|---|
| Description | 15Office Buildings-D |
| Value | $56,300 |
| Actual Year Built | 1948 |
| Effective Year Built | 1995 |
| Square Feet | 2232 |
| Wall Height | 12 |
| Wall Frames | Wood |
| Exterior Wall | Wood |
| Roof Cover | Galvanized Metal |
| Interior Walls | Unfinished |
| Floor Construction | Open Wood Joists |
| Floor Finish | Concrete |
| Ceiling Finish | No Ceiling |
| Lighting | Standard F.F. |
| Heating | No Heat |
| Number of Buildings | 1 |

| | |
|---|---|
| Description | 15Office Buildings-D |
| Value | $185,500 |
| Actual Year Built | 1958 |
| Effective Year Built | 1995 |
| Square Feet | 6910 |
| Wall Height | 10 |
| Wall Frames | Steel |
| Exterior Wall | Galvanized Metal |
| Roof Cover | Galvanized Metal |
| Interior Walls | Unfinished |
| Floor Construction | Elevated Slab |
| Floor Finish | Concrete |
| Ceiling Finish | No Ceiling |
| Lighting | Standard F.F. |
| Heating | |
| Number of Buildings | 1 |

EXHIBIT ___D___

| Description | 16Pavilions-DP |
|---|---|
| Value | $39,300 |
| Actual Year Built | 1983 |
| Effective Year Built | 1989 |
| Square Feet | 3458 |
| Wall Height | 14 |
| Wall Frame | Wood |
| Exterior Wall | |
| Roof Cover | Galvanized Metal |
| Interior Walls | |
| Floor Construction | Concrete On Ground |
| Ceiling Finish | |
| Lighting | |
| Heating | |
| Number of Buildings | 1 |

Rockdale County, GA

## Accessory Information

| Description | Year Built | Dimensions/Units | Identical Units | Value |
|---|---|---|---|---|
| STORMWATER FEE | 2016 | 0x0 / 0 | 14022 | $0 |

## Permits

| Permit Date | Permit Number | Type | Description |
|---|---|---|---|
| 05/15/2014 | BP2014-34 | DEMOLITION | REMOVAL OF ROOF & SUPPORTING STRUCTURE BETWEEN WHISTLE POST & OLD STILL LUMBER BLDG. |
| 12/29/2005 | bp2005-381 | Interior Finish | |

## Sales

| Sale Date | Deed Book / Page | Plat Book / Page | Sale Price | Reason | Grantor | Grantee |
|---|---|---|---|---|---|---|
| 1/9/2024 | 7720 261 | 35 74 | $800,000 | 82-Corp to Affiliated Corp | SKYBEAM CAPITAL REIT LLC | SKYBEAM CAPITAL PARTNERS, LLC |
| 1/2/2024 | 7720 256 | 35 74 | $800,000 | 31-Foreclosure | M&T REAL ESTATE GROUP II, INC. | SKYBEAM CAPITAL REIT LLC |
| 6/22/2022 | 7387 31 | 35 74 | $1,037,500 | 82-Corp to Affiliated Corp | MOBILE CAPITALISTS LLC | M&T REAL ESTATE GROUP II, INC. |
| 2/25/2015 | 5666 81 | 35 74 | $430,000 | 01-Bona Fide Sale | CHARTERBANK | MOBILE CAPITALISTS LLC |
| 4/2/2013 | 5349 184 | | $0 | 31-Foreclosure | BRILLANTE INTERNATIONAL LLC | CHARTERBANK |
| 12/16/2005 | 3717 0064 | | $600,000 | n/a | STILL LUMBER & COAL COMPANY IN | BRILLANTE INTERNATIONAL LLC |
| 11/12/2003 | 2969 0331 | | $47,000 | n/a | R H & L B STILL COAL & LUMBER | STILL LUMBER & COAL COMPANY INC |
| | | | $0 | 01-Bona Fide Sale | | R H & L B STILL COAL & LUMBER |
| | | | $0 | 38-Name change only | R H & L B STILL COAL & LUMBER | STILL LUMBER CO |

## Assessment Notices

2024 Assessment Notice (PDF)

2023 Assessment Notice (PDF)

2022 Assessment Notice (PDF)

## Valuation

| | 2024 | 2023 | 2022 | 2021 | 2020 |
|---|---|---|---|---|---|
| Previous Value | $513,200 | $501,500 | $472,300 | $472,200 | $472,200 |
| Land Value | $236,400 | $178,900 | $178,900 | $178,900 | $178,900 |
| + Improvement Value | $281,100 | $334,300 | $322,600 | $293,400 | $293,300 |
| + Accessory Value | $0 | $0 | $0 | $0 | $0 |
| = Current Value | $517,500 | $513,200 | $501,500 | $472,300 | $472,200 |

## Photos







**Sketches**







No data available for the following modules: Online Appeal, Rural Land, Conservation Use Rural Land, Residential Improvement Information, Mobile Homes, Prebill Mobile Homes.

The Rockdale County Board of Assessors Office makes every effort to produce the most accurate information possible. Due to the time lapse between sales and deeds being recorded, no warranties, expressed or implied, are provided for the data herein, its use, or interpretation. The assessment values are from the Certified 2023 tax digest. All data is subject to change at any time.

| User Privacy Policy | GDPR Privacy Notice
Last Data Upload: 8/23/2024, 8:04:36 PM

Contact Us

Developed by
Schneider
GEOSPATIAL